**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRENDA WALKER**                          **CIVIL ACTION**

**VERSUS**                                 **NO. 14-1810**

**PROGRESSIVE COUNTY MUTUAL INS. CO.,**    **SECTION: "G"**
**HYDRO SPY, L.L.C., IRA NELSON AND**
**CENTURY SURETY COMPANY**

## ORDER

Before the Court is Plaintiff Brenda Walker's ("Plaintiff") "Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(B)."[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

This litigation arises out of a multi-vehicle collision that occurred on July 17, 2013 between a commercial truck, a Regional Transit Authority bus driven by Plaintiff, and three other vehicles.[2] The commercial truck was owned by Hydro Spy, L.L.C. ("Hydro Spy") and driven by Ira Nelson ("Nelson").[3] Plaintiff alleges that she suffered multiple injuries as a result of the collision.[4]

There is a total of fourteen pending lawsuits arising from this accident, brought by nineteen

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 11-1 at p. 1.

[3] Rec. Doc. 11-1 at p. 1.

[4] Rec. Doc. 1-2  at p. 2.

plaintiffs.[5] Thirteen of those lawsuits are currently pending in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] Plaintiff is a defendant in all thirteen lawsuits pending in state court, named either personally or through her employer.[7] Ira Nelson is a named defendant, either personally or through his employer, in thirteen of the cases (including this one) and is a plaintiff in one state court lawsuit.[8]  This is the only suit where Century Surety Company ("Century"), the removing Defendant, is named. The parties have not indicated whether the thirteen other cases that are pending in various sections of Civil District Court for the Parish of Orleans, State of Louisiana, have yet been consolidated.

**B.     *Procedural Background***

Plaintiff filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana against Progressive County Mutual Insurance Company ("Progressive") on October 24, 2013.[9] On or about June 26, 2014, she amended her petition to add Century, Hydro Spy, and Nelson as defendants.[10]  Century is the alleged commercial excess liability carrier of Hydro Spy and Nelson.[11] Century removed the case to federal court on August 8, 2014 on the basis of diversity jurisdiction, as Plaintiff is a Louisiana citizen and defendants are foreign insurance companies.[12] On

---

[5] Rec. Doc. 11-1 at p. 1.

[6] *Id.*

[7] *Id.* at p. 2.

[8] *Id.*

[9] Rec. Doc. 1 at p. 3.

[10] Rec. Doc. 1-2.

[11] Rec. Doc. 14 at pp. 1–2.

[12] Rec. Doc. 1.

September 4, 2014,  Plaintiff filed a "Motion for Leave to File Second Amended Complaint,"[13] wherein she sought to add the Louisiana Department of Transportation and Development ("DOTD") as a party defendant. On September 5, 2014, Plaintiff filed a "Motion for Remand."[14] Oral argument was heard on both motions on October 1, 2014.[15] The Court denied the Motion to Remand on October 3, 2014.[16]

On October 20, 2014, the Court denied Plaintiff's Motion for Leave to File Second Amended Complaint.[17] In that Order, the Court weighed the four factors set out in *Hensgens v. Deere & Co.*[18] and determined that, as a matter of law, Plaintiff would not be prejudiced if her second request for leave to amend her complaint was denied.  First, the Court determined as a matter of fact that "the timing and circumstances of Plaintiff's motion to amend suggest that, at the very least, part of her purpose in amending her petition is to defeat federal jurisdiction."[19]  Plaintiff failed to add DOTD as a defendant in her original suit, and again when she amended her Complaint to add Century as a defendant.[20] Instead,  Plaintiff sought to add  DOTD as a defendant only days after the case was removed.[21] The Court additionally found that Plaintiff failed to state a good faith, viable claim

---

[13] Rec. Doc. 10.

[14] Rec. Doc. 11.

[15] *See* Rec. Doc. 16.

[16] Rec. Doc. 17.

[17] Rec. Doc. 18.

[18] *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

[19] Rec. Doc. 18 at p. 17.

[20] Rec. Doc. 18 at p. 17.

[21] *Id.*

against DOTD.[22]

Second, the Court found that Plaintiff was dilatory in seeking leave to amend because "Walker herself claims that she first became aware of potential claims against DOTD upon receipt of the May 29, 2014 amended petition filed by Nelson. Still, she filed an amended petition in June 2014 that failed to add DOTD as a defendant, and only sought to add DOTD after the case was removed."[23] The Court found that Plaintiff failed to preserve her claims against DOTD and that she cannot now be heard to complain of significant injury when it is self-inflicted."[24]

Next, the Court found that, as a matter of fact, Plaintiff would not be prejudiced by a denial of leave to amend because she failed to file an action in state court to preserve her claims against DOTD before those claims prescribed.[25] The Court additionally found that DOTD was not an indispensable party to the litigation.[26] Finally, the Court determined that the cases pending in state court had not yet been consolidated, and in fact were pending in different sections of the Civil District Court for the Parish of Orleans.[27] Additionally, Plaintiff is a plaintiff in the present case only, and DOTD is a defendant in only one of the cases pending in state court.[28]

The Court concluded that:

On one hand, the Court is aware that thirteen related cases are pending in state court,

---

[22] *Id.* at p. 19.

[23] *Id.* at p. 21.

[24] *Id.* at p. 22 (citing *Bordelon v. Liberty Mut. Fire Ins. Co.*, 02-2608, 2002 WL 31246553 (E.D. La. Oct. 7, 2002)).

[25] *Id.* at p. 24.

[26] *Id.* at p. 23.

[27] *Id.* at p. 26.

[28] *Id.* at p. 27.

4

and accordingly the risk of wasting judicial economy and the possibility of inconsistent judgments is substantial. On the other hand, however, applying the *Hensgens* factors, the Court concludes that the proposed amendment is primarily for the purpose of defeating federal jurisdiction, Walker was dilatory in naming DOTD as a defendant, and Walker will not be prejudiced by denying the amendment. Furthermore, the Court is aware that Century is a defendant in the present case only, that Walker is a plaintiff in the present case only, and that DOTD is a defendant in only one of the cases pending in state court. Accordingly the claim here is, to some extent, severable from the other lawsuits.

The Court notes that Walker has failed to state a claim against DOTD in her proposed amended petition and, even if she has, she has no persuasive explanation as to why she failed to name DOTD before the running of prescription. "To deprive the existing defendant of its right to a federal forum by the joinder of a party against whom the plaintiffs have no viable claim for relief would not be equitable in the least." Moreover, Walker has not cited, nor can the Court locate, any authority for allowing a diversity-destroying amendment where the only *Hensgens* factor favoring such amendment is the possibility of parallel litigation. Parallel litigation in and of itself does not require remand or abstention of the federal claims. The Court therefore concludes that the *Hensgens* factors weigh against allowing Walker to add DOTD as a defendant.[29]

Plaintiff filed the pending "Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(B)" on November 11, 2014.[30] Century filed an opposition on November 18, 2014,[31] and Plaintiff filed a reply memorandum on November 25, 2014.[32]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support*

Plaintiff contends that there is no just reason for delaying further the plaintiff's right to seek review of the Order denying leave to amend to add DOTD as a party defendant.[33]  Plaintiff argues

---

[29] *Id.* at pp. 27–28 (citations omitted).

[30] Rec. Doc. 23.

[31] Rec. Doc. 24.

[32] Rec. Doc. 28.

[33] Rec. Doc. 23-1 at p. 3.

that if it is eventually determined that the amendment should have been allowed, any rulings issued by this Court on any matter, including any judgment issued after a trial on the merits, would be null and void.[34] Additionally, Plaintiff avers that the Court's October 20, 2014 Order is a final, appealable judgment.[35] Plaintiff argues that by denying her leave to amend her petition, the Court "effectively has terminated the plaintiff's claim against DOTD."[36] Finally, Plaintiff contends that there exists no avenue in which she may assert a claim against DOTD because such claims are time-barred.

### B.    Century's Arguments in Opposition

In opposition, Century argues that Rule 54(b) certification requires two determinations: (1) a jurisdictional determination that the court has granted a "final judgment;" and (2) if the court has rendered a final judgment, it must further find that there is no just reason for delay.[37] Century argues that the Court has not made a "final judgment" as to Plaintiff's claim against DOTD, and that the Court has already considered the possibility of hardship raised by Plaintiff in the pending motion.[38]

### C.    Plaintiff's Arguments in Reply

In further support of her motion, Plaintiff argues that the Fifth Circuit has held that the district court's denial of a motion to amend to add a proposed defendant "effectively terminates a plaintiff's claim against said defendant when the statute of limitations has run, preventing a plaintiff

---

[34] *Id.* at p. 4.

[35] *Id.* at p. 5 (citing *Lockett v. General Finance Loan Co. of Downtown*, 623 F.2d 1128 (5th Cir. 1980)).

[36] *Id.* at p. 6.

[37] Rec. Doc. 24 at p. 3 (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

[38] *Id.* at pp. 4–5.

from bringing a separate claim against the proposed defendant."[39] Plaintiff reavers that such a ruling is properly certifiable and appealable.[40]

### III. Law and Analysis

**A.      *Standard of Review***

Federal Rule of Civil Procedure 54(b) empowers the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties."[41] To do so, however, the Court must "expressly determine[ ] that there is no just reason for delay."[42] The first inquiry the Court must make is whether it is dealing with a "final judgment."[43] It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[44] Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals."[45]   Rule 54(b) requests should not be granted routinely and are appropriate only after considering the judicial administrative interests as well as the other equities involved.[46] The propriety of a Rule 54(b)

---

[39] Rec. Doc. 28 at p. 1 (citing *Lockett*, 623 F.2d at 1130).

[40] *Id.* at p. 3.

[41] Fed. R. Civ. P. 54(b).

[42] *Id.*

[43] *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980).

[44] *Id.*

[45] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (internal quotation marks omitted) (quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

[46] *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002); *PYCA*, 81 F.3d at 1421.

certification is reviewable by the Fifth Circuit for abuse of discretion.[47]

**B.      Whether the Court has granted a "final judgment"**

It appears well settled that "[o]rdinarily, an order denying leave to amend pleadings to add a party defendant would not be a final order."[48] In 1980, however, the Fifth Circuit held that the outcome is different where the statute of limitations has run and would have barred a separate suit brought by the plaintiff against the party sought to be added as a defendant.[49]

In *Lockett v. General Finance Loan Co. of Downtown*, which appears to be the only Fifth Circuit decision to address this issue, Lockett's complaint named several subsidiary corporations of a common parent corporation ("Parent"), whose name was unknown.[50] In the complaint, Lockett referred to both the subsidiaries and Parent as defendants, and he reserved the right to amend the complaint at a later time to name Parent.[51] After the defendants, including Parent, filed an answer to the complaint, the court provided Lockett with additional time to file an amended pleading.[52] Within that allotted period, Lockett moved to amend the complaint to add Parent as a party defendant. The district court denied the motion and entered a judgment holding that Parent had not been made a party to the lawsuit, and that service on the subsidiaries was not service on Parent.[53]

---

[47] *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (finding that a district court's certification of a denial of a motion to amend was improper because "[t]he district court's certification articulates no hardship or danger warranting immediate appeal of this nondispositive motion" and because the denial of leave to amend was not final for purposes of appeal).

[48] *Lockett v. General Finance Loan Co. of Downtown*, 623 F.2d 1128, 1129 (5th Cir. 1980) (citation omitted).

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.* at 1131.

[53] *Id.*

8

After the district court entered the appropriate certificate under Rule 54(b), Lockett appealed. The Fifth Circuit determined that the district court had "finally adjudicated" Lockett's claim against Parent because the statute of limitations would have barred a separate suit brought by Lockett against Parent.[54] Specifically, the complaint, filed on October 29, 1974, sought, among other relief, recovery of penalties for violations of the Truth in Lending Act which occurred within the year preceding the filing of the suit. A suit to recover such penalties must be brought within the one-year statute of limitations. Lockett's motion to amend to add Parent as a party defendant was filed on May 5, 1978. Without discussing prescription or citing any codal articles, the Fifth Circuit stated that "[i]t is apparent that a separate suit brought at that time by Lockett against Parent would have been time-barred, and that the district court's denial of Lockett's motion to amend to add Parent as a party defendant effectively terminated Lockett's claim against Parent."[55] Under these circumstances, the Fifth Circuit determined that the district court had finally adjudicated Lockett's claim against Parent, such that the appeal under Rule 54(b) was proper.[56]

Plaintiff argues that here, like in *Lockett*, the statute of limitations would bar a separate suit brought against DOTD in state court. Therefore, according to Plaintiff, the Court's October 20, 2014 Order denying her request to amend her Petition to name DOTD should be considered a final adjudication of her claim against DOTD.[57] However, Plaintiff does not persuade this Court that its

---

[54] *Id.* at 1130.

[55] *Id.* at 1132, n. 2.

[56] *Id.* The Court notes that *Lockett* appears to be cited most often for the proposition that, ordinarily, an order denying leave to amend pleadings to add a party defendant is not a final order. *See, e.g., PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Brzozowski v. Corr. Physician Servs., Inc.*, 360 F.3d 173, 176 (3d Cir. 2004); *Taylor v. Brown*, 952 F.2d 397 (4th Cir. 1991); *Click v. Abilene Nat. Bank*, 822 F.2d 544, 545 (5th Cir.1987).

[57] Rec. Doc. 28 at pp. 1–2.

October 20, 2014 Order is a "final adjudication" within the very narrow circumstances contemplated in *Lockett* because it appears that her claim against DOTD may not have actually prescribed.

Louisiana Civil Code Article 3462 provides in pertinent part that "[p]rescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue."[58] Pursuant to La. C.C. art. 3463, an interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue, or from service of process within the prescriptive period, continues as long as the suit is pending.[59] "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption."[60] Stated differently, "[t]he significance of interruption is that the time that has run is not counted and a new period of prescription begins after the interruption has ended, i.e., if interrupted by the filing of suit the interruption continues as long as that suit is pending and upon its being terminated a new period of prescription begins."[61] Additionally, pursuant to La. C.C. art. 2324(C), interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.[62]

In this matter, the parties appear to agree that Plaintiff's cause of action is subject to a one year liberative prescriptive period, which commenced on the date injury was sustained.[63] The accident at issue occurred on July 17, 2013; accordingly, unless the prescriptive period is tolled, the

---

[58] La. C.C. art. 3462.

[59] La. C.C. art. 3463.

[60] La. C.C. art. 3466.

[61] 12 La. Civ. L. Treatise, Tort Law § 10:1 (2d ed.).

[62] La. C.C. art. 2324(C).

[63] La. C.C. art. 3492; *see also* 12 La. Civ. L. Treatise, Tort Law § 10:1 (2d ed.).

claim would prescribe on July 17, 2014. Plaintiff amended her Petition in state court to add Ira Nelson and Hydro Spy on October 24, 2013. Pursuant to articles 3462, 3463, and 2324(C), this action interrupted prescription as to all joint tortfeasors, and prescription is interrupted as long as the suit is pending. Indeed, Plaintiff has represented to this Court that "[i]n accordance with Louisiana law, she could properly amend this existing lawsuit and validly bring claims against the DOTD on September 4, 2014, because prescription was interrupted by the October 24, 2013 filing of the existing lawsuit against joint tortfeasors, Nelson and Hydro Spy."

However, Plaintiff has not demonstrated that the Court's October 20, 2014 Order is a final adjudication of her claims against DOTD because, as stated above, "[i]f prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption."[64] Plaintiff cites no authority for her conclusion that the doctrine of interruption would not apply here, nor has she addressed La C.C. art. 3466 in her briefing. Further, *Lockett* provides no instruction on this point. Therefore, it appears that even though the Court has denied Plaintiff's motion to amend her complaint, prescription is tolled as long as the lawsuit in this matter is pending. Accordingly, should Plaintiff later appeal the Court's decision to deny her amendment and is successful, her claim will not have prescribed because prescription would still be tolled. Therefore, she would not be precluded from filing a claim against DOTD at that time. Accordingly, this case is distinguishable from *Lockett*, relied upon by Plaintiff, because denial of the amendment to add DOTD does not bar Plaintiff from later filing a claim against DOTD due to prescription, if the Court's decision to deny the amendment is later reversed. Considering the foregoing, the Court cannot determine that its Order denying Plaintiff's motion to amend fits within the very narrow

---

[64] La. C.C. art. 3466.

11

circumstances contemplated by *Lockett.*

**C.**    ***Whether there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal"***

Even if the Court had found that its October 10, 2014 Order was a final judgment, Plaintiff has not established that hardship or injustice would result unless immediate appeal was available. The determination of whether "there is no just reason for delay" is in the sound discretion of the district court.[65] "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[66] In this circuit, Rule 54(b) judgments are not favored and should be awarded "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; [they] should not be entered routinely as a courtesy to counsel."[67]  In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[68] Further, "a district court must take into account judicial administrative interests as well as the equities involved."[69]  The United States Supreme Court has instructed that it is proper for a district court to consider such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues

---

[65] *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).

[66] *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).

[67] *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

[68] *Road Sprinkler Fitters Local Union  v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950))

[69] *Curtiss-Wright*, 446 U.S. at 8.

more than once even if there were subsequent appeals.[70] Rule 54(b) grants "a discretionary power to afford a remedy in the infrequent harsh case."[71]

Plaintiff's memorandum in support of her motion for a Rule 54(b) certification largely re-urges the same unconvincing hardship arguments that she has already raised in her motion to amend and that the Court has already rejected.[72] For instance, she argues that the potential for prejudice is amplified because "parallel proceedings involving the same parties are being conducted in state court."[73] However, as the Court has already determined, this is the only action where Century is a defendant and where Walker is the plaintiff.[74] Moreover, the DOTD is a defendant in only one of the cases pending in state court.[75] Accordingly, "the claim here is, to some extent, severable from the other lawsuits."[76] Even in the alternative, as the Court previously stated, "[p]arallel litigation in and of itself does not require remand..."[77] Furthermore, the Court has already determined that, as a matter of fact, (1) the purpose of Plaintiff's attempted amendment was to defeat federal jurisdiction; (2) Plaintiff was dilatory in asking for amendment; (3) Plaintiff would not be significantly injured if amendment is not allowed; and (4) other factors bearing on the equities weigh

---

[70] *Id.*

[71] *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

[72] *See* Rec. Doc. 18.

[73] *Id.* at p. 4.

[74] *See* Rec. Doc. 18 at p. 25. In the state court actions, Plaintiff is a defendant.

[75] *Id.* at p. 27.

[76] *Id.*

[77] *Id.* at p. 28 (citing *Signad, Inc. v. City of Sugar Land*, 753 F.2d 1338, 1339 (5th Cir. 1985)).

against amendment.[78] Finally, the Court has already determined that Plaintiff failed to state a claim against DOTD in her amended petition, and she offered no persuasive explanation as to why she failed to name DOTD before the running of prescription.[79] In denying Plaintiff's motion to amend, the Court determined that if there is any hardship or injustice here, Plaintiff created it herself.

Plaintiff argues that "if it is eventually determined that the amendment should have been allowed, any rulings issued by this Court on any matter, including any judgment issued after a trial on the merits, would be null and void."[80] However, for the reasons stated above and in the Court's October 21, 2014 Order, Plaintiff's attempt to amend her complaint to add DOTD as a party defendant is merely an attempt to deprive Century of this Court's subject matter jurisdiction. Despite her arguments to the contrary, the mere specter of appeal after a trial on the merits does not rise to the level of hardship or injustice. If that were so, then every district court order denying a motion to remand or a motion to amend to add a non-diverse defendant in an attempt to destroy diversity jurisdiction would be considered a final judgment ripe for appeal.

This Court has already determined that any prejudice that Plaintiff may face as a result of

---

[78] Rec. Doc. 18.

[79] *Id.*

[80] Rec. Doc. 23-1 at p. 4 (emphasis omitted).

her dilatory motion to amend is the product of her own doing.  Because this is not the type of "infrequent harsh case"[81] contemplated by Rule 54(b), the Court will not grant the pending motion.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(B)"[82] is **DENIED.**

**NEW ORLEANS, LOUISIANA** this ___5th___ day of February, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[81] *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

[82] Rec. Doc. 23.